IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICARDO PEREZ-TOLEDO,** | : CIVIL ACTION NO. 3:19-CV-456 |
| **Petitioner** | : (Judge Conner) |
| v. | : |
| **ROBERT MARSH,** | : |
| **Respondent** | : |

**MEMORANDUM**

Petitioner Ricardo Perez-Toledo, through counsel, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court convictions because his trial and post-conviction counsel was allegedly ineffective. (See Doc. 1). Respondent filed an answer raising as an affirmative defense the statute of limitations, arguing that the petition is untimely. (See Doc. 11). Petitioner filed a reply seeking to invoke equitable tolling in order to make his petition timely. (See Doc. 12). For the reasons discussed below, the court will dismiss the petition as time-barred under 28 U.S.C. § 2244(d).

**I.      Factual Background & Procedural History**

On June 28, 2011, petitioner was charged by criminal information with rape of a child and related offenses in the Court of Common Pleas for Luzerne County. (See Doc. 11 at 1). A jury trial began on October 16, 2012, and on October 18, 2012, the jury convicted him on all counts. (Id.) Petitioner was sentenced on March 15, 2013, to an aggregate term of 22 to 44 years' imprisonment. (Id. at 1-2).

After his sentencing, petitioner filed a direct appeal to the Superior Court of Pennsylvania.  (Id.)  The Superior Court denied relief and affirmed his judgment of conviction on June 6, 2014.  (Id. at 2).  Respondent states that "[i]t does not appear that he filed a Petition for Allowance of Appeal."  (Id. at 2).  The time for doing so would have expired on or about July 7, 2014.[1]  See PA. R. APP. P. 903 (providing thirty days in which to file an appeal).

Approximately 197 days later, petitioner filed a petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA") on January 21, 2015.  (See Doc. 11 at 2).  The court held a hearing on his claims in the PCRA petition, but the court ultimately denied relief on May 17, 2016.  (Id.)  Petitioner filed a timely notice of appeal on June 14, 2016, and the Superior Court affirmed the denial of the PCRA petition on August 15, 2017.  (Id. at 2-3).  Petitioner filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which denied permission to appeal on February 27, 2018.  (Id. at 3).

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 13, 2019.  (See Doc. 1).  In it, he argues that his trial counsel was ineffective, and petitioner was denied a merits review of this claim in his PCRA proceedings due to the ineffectiveness of PCRA counsel in failing to subpoena trial counsel.  (Id. at 8).  Petitioner also argues that equitable tolling is warranted because petitioner never received a substantive review of his conviction due to the ineffectiveness of his prior counsel.  (Id. at 16).

---

[1] The court notes that July 6, 2014, was a Sunday, thus petitioner would have had until July 7, 2014, to file a petition for allowance of appeal.

**II.     Discussion**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") outlines the applicable statute of limitations for petitioner's habeas petition, and it provides, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see also Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Pursuant to Section 2244(d), evaluation of the timeliness of a Section 2254 petition requires a determination of, first, when the pertinent judgment became "final," and second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."  The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the Supreme Court of the United States.  See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012).

3

Here, petitioner filed a timely direct appeal, but he did not file for a petition for allowance of appeal with the Supreme Court of Pennsylvania. His conviction thus became final after his time for doing so expired, on or about July 7, 2014. His one year federal habeas statute of limitations begun to run on July 8, 2014. Once petitioner filed his PCRA petition on January 21, 2015, the statute of limitations was tolled pursuant to 28 U.S.C. § 2244(d)(2) until the conclusion of his PRCA proceedings including any appeals. According to the record before the court, those proceedings ended on February 27, 2018, when his petition for allowance of appeal was denied. Thus, the habeas statute of limitations started to run again on February 28, 2018, and expired on August 14, 2018, well before petitioner filed the instant petition on March 13, 2019.

Before concluding that the petition is untimely, the court must determine whether equitable tolling may apply to petitioner's untimely petition. AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. See Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013) (citing Holland v. Florida, 560 U.S. 631, 649-50 (2010)). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather

4

it is an obligation that exists during the period appellant is exhausting state court remedies as well." LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted). See also Alicia v. Karestes, 389 F. App'x 118, 122 (3d Cir. 2010) (nonprecedential) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. Holland, 560 U.S. at 651 (citations omitted); see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava, 398 F.3d at 275–276; see also Holland, 560 U.S. at 648-49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

Extraordinary circumstances have been found only where: the respondent has actively misled the petitioner; the petitioner has in some extraordinary way been prevented from asserting his rights; the petitioner has timely asserted his rights mistakenly in the wrong forum; or the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner argues that equitable tolling is appropriate here because his trial counsel and PCRA counsel were ineffective, and thus he has never had the opportunity to have a substantive review of his conviction. While that may be true, that is not sufficient to invoke equitable tolling. Petitioner presumably knew that his counsel was ineffective when he remained imprisoned and his PCRA petition was not granted and its denial was upheld on appeal. That his trial and PCRA counsel were allegedly ineffective does not excuse petitioner's failure to bring this habeas petition in a timely manner. Petitioner waited well over a year after his petition for allowance of appeal of his PCRA petition was denied to file the instant petition. That failure to file this petition in a timely manner is petitioner's failure

alone—not that of his prior counsel.  Thus, the court will dismiss the petition as untimely.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citation omitted); United States v. Williams, 536 F. App'x 169, 171 (3d Cir. 2013) (nonprecedential).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find it debatable whether this court is correct in its procedural ruling.  No certificate of appealability shall issue.

7

## IV. Conclusion

For the reasons set forth above, the petition will be dismissed without prejudice as untimely. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: April 21, 2021